## Gaines *against* Acre.

*ACRE* brought an action of detinue against *Gaines* in the Superior Court of *Washington* County, for a land certificate, and recovered a verdict and judgment. By the bill of Exceptions it appears that in 1799, *Narcissis Brontin* appointed *Gaines* his agent to sell the land for which the certificate issued : that it issued to *Brontin* in the year 1805. On the day on which it was issued, *Gaines,* as agent of *Brontin,* transferred it to himself at the price of one hundred and fifty dollars : that the land was not then worth more : that a witness had seen a letter in possession of *Gaines,* purporting to be from *Brontin,* authorizing him to sell the land for one hundred and fifty dollars : *Gaines* had offered it to witness at that price, and witness declined purchasing. It was further proved that an attorney, employed by *Brontin,* brought an action in his behalf against *Gaines* for that price ; and that at the return term of the Writ, being informed

*G., as agent of B., sells a land certificate to himself : B. brings an action against G. for the purchase money, and his attorney receives it ; he thereby confirms the sale.*

that *Gaines* was about to plead a tender, the attorney in the action received the money of *Gaines*, and paid it over to *Wilson Carman ;* attorney in fact for *Brontin.* The Court below charged that the transfer of the certificate by the agent to himself was void, and not voidable merely. It was further proved that the plaintiff, *Acre*, in *June*, 1817, purchased the land of *Brontin*, the certificate being in the possession of *Gaines.* The Court charged the Jury, that if *Gaines* obtained possession of the certificate as agent of *Brontin*, his possession was not adverse to *Brontin ;* and that *Acre's* purchase was valid, notwithstanding the certificate was in possession of *Gaines.* It was not proved that *Gaines* had ever had actual possession of the land.

Upon a writ of Error to this Court the matter of the bill of Exceptions was by *Gaines* assigned as Error.

Chief Justice *Clay* delivered the opinion of the Court.

Although we are unanimously of opinion that it was in the power of *Brontin* to confirm the transfer by *Gaines* to himself, we do not all concur in considering the question throughout in the same manner ; my own opinion is, that the act was not *void*, but merely *voidable.*

*Brontin* had empowered *Gaines* to transfer the certificate : whatever irregularity may have occurred in the execution of his authority, the transfer was legal on its face, subject to be set aside or confirmed at the election of *Brontin.*

I think that this position is sustained by the case cited from 4 Munford, 333. One of several joint-executors made a transfer in which the others did not unite ; the Court in effect determined that the act was not void, but voidable merely ; and that a vendor, by recovering judgment for, and receiving the purchase money, ratifies the sale.

From the nature of the powers and the duty of an attorney at law, the acts of *Kennedy*, as attorney for *Brontin*, in the suit against *Gaines*, ought to be considered as the acts of *Brontin.* It has been urged that it does not appear that *Brontin* had been apprized that *Gaines* had transferred to himself ; the contrary does not appear ; we must take the facts as they are stated on the Record to have been proved. *Carmin*, *Brontin's* attorney in fact, consulted with *Kennedy* and *Baldwin*, (his attornies in the suit afterwards brought,) and received the money paid by *Gaines.* To require the subsequent assent of the principal to the act of his agent, would deny to the principal the power of contracting by an agent.

If it were necessary for us now to enquire whether the evidence, as stated, raises a presumption of fraud in the

transfer, we would say that it repelled such presumption: that it appears that the price which *Brontin* demanded, and for which he instructed *Gaines* to sell, was paid to *Carman* as his attorney in fact : that there is no evidence that *Brontin* was dissatisfied with the price, or that there was any misrepresentation or concealment on the part of *Gaines.* The opinion of the Court on the principle of the case referred to, (4 Munf. 333,) is, that *Brontin,* by suing for and receiving the purchase money, confirmed the sale ; and that in this respect the charge in the Court below was erroneous.

Let the judgment be reversed and the cause be remanded.

*Crawford* and *Hitchcock,* for the plaintiff in Error.

*Acre,* for defendant in Error.

On the 18th day of *December,* 1823, after delivering the opinion in this case, Judge *Clay* resigned the office of Judge of the Fifth Judicial Circuit ; and Judge *Lipscomb* was thereupon, by the Court, appointed Chief Justice.